IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

BRANDYN JOSEPHE BENJAMIN,    )
                                                          )
                 Petitioner,                        )
                                                          )
v.                                                        )        CASE NO. 1:14-CV-1224-WKW-WC
                                                          )             (WO – Do Not Publish)
JEFFERSON S. DUNN,                        )
                                                          )
                 Respondent.                      )

## ORDER

On December 16, 2014, Petitioner Brandyn Josephe Benjamin ("Benjamin")
filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. #
1.)  Of the claims asserted in the petition, one is labeled "Alabama's Secret Lethal
Injection Procedures are Cruel and Unusual Punishment in Violation of the Eighth
Amendment, and the State Courts Unreasonably Applied Constitutional Law by
Summarily Dismissing Mr. Benjamin's Claim."  The court refers to this particular
claim as Claim H(5).  (Doc. # 1, at 152.)

The State filed an answer to Benjamin's petition on May 4, 2015.  (Doc.
# 20.)  A scheduling/case management conference was held before United States
Magistrate Judge Wallace Capel on June 3, 2015.  During that conference, the
court raised its concern that, to the extent Claim H(5) alleges a substantive
challenge to Alabama's method of execution, such a claim is not cognizable under

§ 2254.  The court permitted the parties to submit briefs on the issue of whether Claim H(5), as alleged in the petition, is a viable claim under § 2254, and that briefing is now complete.  (Docs. # 24, 25, 26.)

In declining to withdraw or dismiss Claim H(5), Benjamin argues that this claim is not a substantive challenge to Alabama's lethal injection procedures under the Eighth Amendment but a "claim that he received ineffective assistance of counsel in connection" with such a challenge.  (Doc. # 25.)  Benjamin further contends that, because the State did not raise a procedural default defense to this claim in its answer, Claim H(5) should be addressed on the merits.  (Doc. # 25.)

To the extent Claim H(5) asserts a substantive challenge to Alabama's lethal injection protocol, such a claim is due to be dismissed for two reasons.  First, the claim, as currently pleaded in the petition, raises a challenge to, among other things, Alabama's use of sodium thiopental, a drug that has not been used to carry out executions in Alabama for several years.  A simple internet search would have revealed that midazolam hydrochloride is the first drug used in Alabama's lethal injection protocol and has been since September 2014 (representing a switch from pentobarbital, which was itself a switch from sodium thiopental).  Second, a substantive challenge to Alabama's lethal injection protocol is not cognizable under § 2254.

> [A]n inmate who challenges a state's method of execution is attacking the means by which the State intends to execute him, which is a

2

> circumstance of his confinement.  It is not an attack on the validity of his conviction and/or sentence.  For that reason, "[a] § 1983 lawsuit, not a habeas proceeding, is the proper way to challenge lethal injection procedures." *Tompkins v. Sec'y, Dep't of Corrs.,* 557 F.3d 1257, 1261 (11th Cir. 2009).  Hence, we conclude that the district court did not err in dismissing McNabb's lethal injection challenge in his federal habeas petition.  That avenue of relief is still available to him in a § 1983 action.

*See McNabb v. Comm'r, Ala. Dep't of Corrs.*, 727 F.3d 1334, 1344 (11th Cir. 2013), *cert. denied sub nom. McNabb v. Thomas*, 135 S. Ct. 951 (2015). Accordingly, it is ORDERED that, to the extent Claim H(5) alleges a substantive challenge to Alabama's lethal injection protocol, that claim is DISMISSED.  To the extent Claim H(5) asserts an ineffective assistance of counsel claim based on counsel's failure to assert a challenge to Alabama's lethal injection protocol, that claim remains pending and shall be addressed in accordance with the court's previously entered briefing scheduling.  (*See* Doc. # 24.)

Finally, Benjamin argues that the State has waived any argument that his ineffective assistance of counsel claim asserted in Claim H(5) is procedurally defaulted because the State did not include that defense in its answer to this claim. A review of the State's answer shows that, in response to Claim H(5), the State asserts that this claim was raised on collateral appeal in the Alabama Court of Criminal Appeals and was denied on the merits.  (Doc. # 20, ¶ 66(a).)  However, a complete reading of the State's answer, along with the State's Motion for Leave to File Amended Answer, demonstrates that the State's answer to Claim H(5) was

actually a mistaken reproduction of its answer to the proceeding Claim H(4). Thus, for good cause shown, it is ORDERED that the State's motion for leave to amend (Doc. # 27) is GRANTED, and the State shall file the amended answer attached as Exhibit A to its Motion (*see* Doc. # 27) on or before **July 3, 2015**.

The court's briefing schedule as set forth in its Order dated June 4, 2015, (*see* Doc. # 24), remains in place.

DONE this 25th day of June, 2015.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE